IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DENISE MILLER,**

    **Plaintiff,**

v.                                                     **Civil Action No. 3:14CV601**

**BRANDON DANDRIDGE,**

    **Defendant.**

## MEMORANDUM OPINION

Before the Court is the United States's Renewed Motion to Quash state court process issued to a United States Postal Service ("USPS") employee in a state civil action. (ECF No. 5.) Miller, the plaintiff in the state court action and appearing *pro se* before this Court, did not respond to the Renewed Motion to Quash and the time to do so has expired.[1] The matter is now ripe for disposition. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).[2] For the reasons that follow, the Court will grant the Renewed Motion to Quash.

---

[1] The United States provided Miller with notice pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975). (ECF No. 5.)

[2] Section 1442(a) reads in pertinent part:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of

## I. **Factual and Procedural Background**

On April 25, 2014, Plaintiff Denise Miller requested the Hanover County Juvenile and Domestic Relations Court ("the State Court") issue a subpoena duces tecum to USPS employee Mary Mason as the custodian of official USPS records. Miller sought official USPS records relating to Brandon Dandridge. Miller filed the underlying State Court action against Brandon Dandridge.

Upon receiving the subpoena duces tecum, the USPS informed Miller that it would not respond because Miller failed to comply with USPS regulations governing the disclosure of official USPS records. As a result, the clerk of the State Court issued a show cause summons that directed Mason to appear and explain her failure to respond to the subpoena duces tecum. Mason appeared as directed and informed the State Court that USPS regulations prohibited disclosure of the requested records until Miller complied with the regulations. The State Court issued an Adult Arraignment Order directing Miller to appear again and explain her failure to comply.

On August 27, 2014, prior to the Adult Arraignment Order's return date, the United States, on behalf of USPS employee Mary Mason, removed this action pursuant to 28 U.S.C. § 1442(a) and 1446.[3] On September 2, 2014, the United States filed a motion seeking to quash the subpoena duces tecum, show cause summons, and Adult Arraignment Order issued in the State Court to Mason in her official capacity as a USPS employee. (Mot. Quash 1, ECF No. 2.)

---

> such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
> . . .

28 U.S.C. § 1442(a)(1) (2014).

[3] Section 1446 describes the general procedures for the removal of civil actions.

Because the United States did not provide Miller with notice pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975) and Local Civil Rule 7(K), the Court denied the motion without prejudice.[4] (ECF No. 4.)

On September 25, 2014, the United States filed its Renewed Motion to Quash and provided Miller with *Roseboro* notice. (ECF Nos. 5, 7.) Miller did not respond and the time to do so has expired.

## II. Discussion

Because Miller did not comply with USPS regulations regarding the disclosure of official postal records, this Court lacks jurisdiction and must quash the state court process issued to USPS employee Mary Mason as barred by sovereign immunity. "The issue of a state court's jurisdiction to compel federal officials to produce documents is not new." *Brooks v. Harris*, No. 3:04CV91, 2004 WL 1347603, at *1 (E.D. Va. Apr. 7, 2004).[5] The United States Court of Appeals for the Fourth Circuit has held that an order of a state court seeking to compel a federal official to comply with a state court subpoena is "an action against the United States, subject to the governmental privilege of sovereign immunity." *Smith v. Cromer*, 159 F.3d 875, 879 (4th

---

[4] Local Civil Rule 7(K) states in pertinent part:

> It shall be the obligation of counsel for any party who files any dispositive or partially dispositive motion addressed to a party who is appearing in the action without counsel to attach to or include at the foot of the motion a warning consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

E.D. Va. Loc. Civ. R. 7(K).

[5] The *Brooks* court faced factual and procedural circumstances indistinguishable from those presented in this action. In a removed action, the *Brooks* court granted the United States's motion to quash a subpoena duces tecum issued by a state court that sought USPS records because the party seeking the records failed to comply with federal regulations prohibiting disclosure until that party complied with USPS regulations. *Brooks*, 2004 WL 1347603, at *1–2.

3

Cir. 1998). "Unless such immunity is waived, the state court 'lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction.'" *Brooks*, 2004 WL 1347603, at *1 (quoting *Smith*, 159 F.3d at 879). "[B]ecause 'a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction,' the federal court can acquire no jurisdiction to enforce a state court subpoena or order upon removal." *Id.* (quoting *Smith*, 159 F.3d at 879); *see also Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) (holding that *United States* ex. rel. *Touhy v. Ragen*, 340 U.S. 462 (1951) authorizes federal agencies to control the dissemination of information, and that "[t]he doctrine of sovereign immunity precludes the state court—and the federal court which gained limited jurisdiction upon removal—from exercising jurisdiction to compel [a federal officer] to testify contrary to [the agency's] instructions").

In this case, federal regulations prohibit Mason from producing the USPS records, as commanded by the subpoena duces tecum, unless Miller, as the party seeking such information, complies with the regulations' requirements. *See generally* 39 C.F.R. § 265.12 (West 2014). The subpoena duces tecum clearly requests USPS records, including pay stubs, time sheets, documents relating to schedule changes, and wage and tax statements. (Not. Removal Ex. 1, 1.) Nothing in the record before this Court suggests Miller attempted to comply with the regulations' requirements. Because Miller has not established that she has complied with the applicable federal regulations governing the production of USPS records pursuant to a subpoena duces

tecum, this Court must quash the subpoena duces tecum and subsequent state court process as barred by sovereign immunity.[6] See *Brooks*, 2004 WL 1347603, at *1–2.

### III. Conclusion

For the foregoing reasons, the Court GRANTS the Renewed Motion to Quash. (ECF No. 5.) An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 11-13-14

---

[6] If, after complying with the agency's requirements, Miller is dissatisfied with the agency's response to the request, she is not without recourse. The proper method for judicial review of the agency's final decision is through the Administrative Procedures Act. *See* 5 U.S.C. §§ 701–706 (1996); *Smith*, 159 F.3d at 881 (noting that defendant's "remedy, if any, for the Justice Department's actions in the instant case may be found in the Administrative Procedures Act . . . which expressly limits such review authority to the federal courts"); *Brooks*, 2004 WL 1347603, at *1 (same).